**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARLOS MONTELONGO-GUZMAN** | § | |
| | § | |
| **V.** | § | **A-25-CV-1592-ADA** |
| | § | |
| **WARDEN, FCI BASTROP** | § | |

## ORDER

Before the Court are Carlos Montelongo-Guzman's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (#1) and Respondent's Response and Motion to Dismiss (#11).

## Background

On May 15, 2020, Petitioner was sentenced to 120 months of imprisonment for possession with intent to distribute 5 kilograms or more of cocaine. *USA v. Montelongo-Guzman*, No. 3:18-CR-19-TCB (N.D. Ga.). Petitioner contends the Federal Bureau of Prisons (BOP) is unlawfully refusing to transfer him to prerelease custody. He claims that the BOP has failed to accurately apply his earned First Step Act (FSA) time credits. Petitioner filed his federal habeas application on September 2, 2025, and contends that the correct application of his FSA time credits would entitle him to be transferred to prerelease custody immediately.

1

Discussion and Analysis

Respondent argues the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies. Petitioner failed to respond to this argument. "[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Gallegos-Hernandez v. United States,* 688 F.3d 190, 194 (5th Cir. 2012). Proper exhaustion requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process. *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006); *Jones v. Bock*, 549 U.S. 199, 218 (2007) (proper exhaustion defined by applicable prison requirements). Failure to pursue administrative remedies warrants dismissal. *See Figueroa v. Chapman*, 347 F. App'x 48, 49 (5th Cir. 2009) (per curiam). A court cannot excuse an inmate's failure to exhaust available administrative remedies. *Ross v. Blake*, 578 U.S. 632, 639 (2016). However, "exceptions to the exhaustion requirement do exist, [but] they apply only in 'extraordinary circumstances,' and the burden of proof for demonstrating the futility of administrative review rests with the petitioner." *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). In order to show extraordinary circumstances, an inmate must demonstrate that (1) an administrative procedure operates as a dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) an administrative scheme is so opaque that it becomes incapable of use (no ordinary prisoner can discern or navigate it); or (3) prison administrators thwart inmates from using the grievance process through machination, misrepresentation, or intimidation. *Ross*, 578 U.S. at 643–44.

The Bureau of Prisons (BOP) has a four-step process for resolving complaints by inmates. *See* 28 C.F.R. § 542.13-15. The inmate must first attempt to resolve the complaint informally with prison staff. *See* 28 C.F.R. § 542.13(a). If the inmate is not satisfied, he may submit a formal written request to the warden of his confinement facility within 20 days. *See* 28 C.F.R. §542.14(a), (c). If the inmate is dissatisfied with the response to the formal written request, he may appeal to the BOP Regional Director within 20 days of the warden's response. *See* 28 C.F.R. § 542.15(a), (b)(1). If still dissatisfied, the inmate may appeal to the Office of General Counsel within 30 days. *See id.* If the inmate does not receive a response within the time allotted for reply for any of the steps, the inmate may consider the lack of response as a denial and may move on to the next step. 28 C.F.R. § 542.18.

Respondents provide a declaration and documentation of Petitioner's administrative remedy requests showing that Petitioner has failed to complete the administrative remedy process regarding his claims in this suit. Resp. Mot. Ex. A (#11-1). Petitioner first raised this issue in Remedy ID 1231979-F1, submitting a BP-9 to the Warden. *Id.* at 15. The Warden reviewed and closed this request. *Id.* at 14. Petitioner then appropriately appealed the matter to the Regional Director in Remedy ID 1231979-R1. *Id.* at 13. The Regional Director denied Petitioner's request on April 30, 2025. *Id.* at 12. Therefore, in order to timely appeal, Petitioner needed to submit his appeal to the Office of General Counsel no later than May 30, 2025. Petitioner, however, submitted his BP-11 on June 16, 2025. Pet. (#1) at 10. At that time, Petitioner also failed to include a copy of the institution's response to his BP-9, which independently constituted

procedural default. *Id.* The Office of General Counsel, therefore, rejected Petitioner's appeal as untimely and because it was missing required documents. *Id.* Petitioner was given fifteen days to refile the appeal. *Id.* Petitioner appears to believe that this response constituted a denial, when in fact it was a rejection. Petitioner claims that the rejection of this appeal was the final step in the exhaustion process and constituted the "highest level of administrative appeal." Pet. at 3. However, the rejection provided Petitioner an extension of time to properly file. Rather than correcting his filing within fifteen days, as would have been required to fully exhaust, Petitioner instead filed this federal habeas application on September 2, 2025.

Because Petitioner failed to complete the administrative appeal process through the final BP-11 with the proper documentation included, he failed to fully present his claim to the BOP and his claim is dismissed for failure to exhaust. Petitioner fails to make any assertion whatsoever, much less meet his burden to show that any extraordinary circumstances entitle him to an exception to the exhaustion requirements. Therefore, dismissal for lack of jurisdiction is appropriate because Petitioner has failed to show that he exhausted his claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *see also* 28 C.F.R. § 542.15.

Even if his claims were exhausted, however, Petitioner's claim would be denied on the merits because the law is clear that he received the FSA credits to which he was entitled. As explained in Respondents' briefing, Petitioner received the maximum of 365 FSA time credits under 18 U.S.C. § 3624(g)(4). However, because Petitioner is not a

United States citizen, he is subject to an immigration detainer and, pursuant to 18 U.S.C. § 3632(d)(4)(E)(i), when Petitioner becomes subject to a final order of removal he will become ineligible to apply his FSA credits toward his sentence.

Therefore, the Court dismisses Petitioner's Application for Writ of Habeas Corpus without prejudice for failure to exhaust his administrative remedies.

It is therefore **ORDERED** that Respondent's Motion to Dismiss (#11) is **GRANTED**.

It is finally **ORDERED** that the Application for Habeas Corpus Relief under 28 U.S.C. § 2241 (#1) is **DISMISSED** for lack of jurisdiction.

**SIGNED** on March 9, 2026

_____

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE